

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 NOV -6  AM 8: 04

CLERK'S OFFICE
AT BALTIMORE



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

Clinton J. Fuchs
Assistant United States Attorney
Clinton.Fuchs@usdoj.gov

Suite 400
36 S. Charles Street
Baltimore, MD 21201-3119

DIRECT: 410-209-4916
MAIN: 410-209-4800
FAX: 410-962-3124

November 3, 2015

Lisa Lunt, Esq.
Assistant Federal Public Defender
100 South Charles Street, Suite 900
Baltimore, Maryland 21201

    Re:    Plea Agreement in the Case of
            *United States v. Paul Jones*
            RDB 15-457

Dear Ms. Lunt:

       This letter, together with the Sealed Supplement, confirms the plea agreement that has been offered to Paul Jones ("the Defendant") by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by **November 6, 2015**, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

       1.    The Defendant agrees to plead guilty to Count Two of the Indictment now pending against him, which charges him with possession with the intent to distribute a controlled substance in violation of 21 U.S.C. § 841. The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

       2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

          a. That on or about May 28, 2015, in the District of Maryland, the Defendant, Paul Jones, knowingly possessed a quantity of a mixture or substance containing a detectable amount of heroin; and

          b.    That the Defendant possessed the heroin with the intent to distribute it.

## Penalties

3.  The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: for a violation of 21 U.S.C. § 841(a)(1), the maximum sentence is 20 years imprisonment, a period of supervised release of at least three years, and no more than three years, and a fine of $1,000,000. In addition, the Defendant must pay $100 per count as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4.  The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

   a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

   b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

   c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

    d.  The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

    e.  If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f.  By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

    g.  If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

    h.  By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

### Advisory Sentencing Guidelines Apply

  5.  The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551–3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

  6.  This Office and the Defendant understand, agree, and stipulate to the following Statement of Facts, which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

a. Statement of Facts

On May 28, 2015, officers of the Baltimore City Police Department executed a search and seizure warrant at the Defendant's, Paul Jones's, home, located at 32 Upmanor Road in Baltimore City, Maryland. The Defendant was found in the home at the time of the search and from the Defendant's bedroom the officers recovered 118 gelcaps of suspected heroin as well as cutting agents and other drug packaging paraphernalia. Officers also recovered from the Defendant's bedroom a Hi-Point, Model JH, .45 caliber, semi-automatic pistol, serial number 314640; and a Berretta, Model 92FS, 9mm, semi-automatic pistol, serial number BER191826Z. The Defendant was *Mirandized* and admitted to possessing the firearms.

The suspected narcotics were tested and found to be heroin. The Berretta and Hi-Point pistols were test-fired and both were found to be capable of expelling a projectile by the action of an explosive. Prior to their recovery by the police, the Defendant possessed both firearms and the heroin. The Defendant possessed the heroin with the intent to distribute those narcotics. The Defendant possessed the firearms in furtherance of his drug trafficking. Specifically, the defendant possessed the firearms to protect himself and his supply of narcotics.

b. Guideline Stipulations

The parties stipulate that the **base offense level is 14** pursuant to U.S.S.G. § 2D1.1(c)(14), because the Defendant possessed with the intent to distribute at least 10, but less than 20, grams of heroin. The parties further agree that two points should be added pursuant to U.S.S.G. § 2D1.1(b) because a firearm was possessed; resulting in an **offense level of 16**. Finally, the parties agree that the Defendant qualifies as a Career Offender pursuant to U.S.S.G. § 4B1.1, and, therefore, that his **offense level is 32** and his **criminal history category is VI**.

c. Acceptance of Responsibility

This Office does not oppose a two-level reduction in the Defendant's adjusted offense level based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. Based on the foregoing, the parties agree that the Defendant's **adjusted offense level is 29**.

7.  Other than as set forth above, this Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, or potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

8.  The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

### Rule 11(c)(1)(C) Plea

9.  The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of **120 months imprisonment** in the custody of the Bureau of Prisons is the appropriate disposition in this case. This agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, either party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

10. The parties agree that the recommended sentence of 120 months imprisonment, as set forth in paragraph 10, is a reasonable and appropriate sentence, taking into consideration the factors set forth in 18 U.S.C. § 3553(a), and is sufficient but not greater than necessary to achieve the purposes of sentencing set forth in section 3553(a). Although the parties have considered the approximate guidelines range in arriving at this recommended sentence, the parties also agree that the recommended sentence would be an appropriate sentence, given the facts of this case and the defendant's history and characteristics, even if the sentencing guidelines were calculated differently or if the defendant is found not to be a Career Offender.

### Obligations of the United States Attorney's Office

11. At the time of sentencing this Office will recommend that any sentence the Defendant receives in the instant matter be served concurrently with any sentence the Defendant receives as a result of his violation of probation in the Circuit Court for Baltimore City. This Office will further recommend that the Court designate the state facility where the Defendant is to serve his sentence for the violation of probation as the place of the Defendant's confinement for his sentence in the instant matter.

### Forfeiture of Firearm

12. The Defendant understands and agrees that as a result of his guilty plea, he

will not be permitted to own, possess, or use a firearm. He forfeits all right, title, and interest in the following firearms:

        a.        Hi-Point, Model JH, .45 caliber, semi-automatic pistol, serial number 314640; and

        b.        Berretta, Model 92FS, 9mm, semi-automatic pistol, serial number BER191826Z.

## Waiver of Appeal

13.    In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

        a.        The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

        b.        The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any sentence greater than **120 months imprisonment**; (ii) and this Office reserves the right to appeal any sentence less than **120 months imprisonment.**

        c.        Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

        d.        The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

14.    The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who

prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

15. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, sentence is imposed by the Court, and the Court is under no obligation to accept this plea agreement. In the event the Court rejects this Rule 11(c)(1)(C) plea agreement, pursuant to Rule 11(c)(5)(C), the Defendant will be informed that he may withdraw his plea. If he persists in the guilty plea thereafter, the Defendant understands that the disposition of the case may be less favorable than that contemplated by this agreement. The Defendant understands that neither this Office, his attorney, nor the Court can make a binding prediction or promise that the Court will accept this agreement. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

16. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, along with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this letter, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Clinton J. Fuchs
Assistant United States Attorney

      I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

11/5/15                      *Paul Jones*
Date                         Paul Jones

      I am the Defendant's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

11/5/15                      *Lisa Lunt*
Date                         Lisa Lunt, Esq.